WILLIAM H. MANNING, and RUTH ANNE MANNING, *his wife,* *versus* LABOREE.

An *unsealed* instrument, in form of a deed of conveyance of land, signed by husband and wife, though containing a formal relinquishment of her dower, is no bar to a suit brought by her to recover dower.

To an action of dower, non-tenure can be pleaded in abatement only. It cannot be proved under a brief statement.

An outstanding title, purchased by a defendant, after the commencement of an action of dower against him, cannot be set up in bar of the suit.

A widow is dowable in an equity of redemption.

In an action of dower against the heir, the increased value of the land, independent of the labor and expenditures of the tenant, is subject to the demandant's claim.

It is not a bar to an action of dower, that the widow of an earlier proprietor has already recovered dower against the tenant.

Such a recovery may, however, reduce the demandant's right from one third of the whole to one third of the remaining two thirds. But this reduction would be connected with a contingent right to an endowment in the first third, whenever the first endowment should be extinguished.

ON REPORT from *Nisi Prius,* TENNEY, J. presiding.

DOWER.

The demandants allege *that* Mrs. Manning was formerly the wife of Miles Laboree; *that*, during her coverture with him, Miles was seized of the premises demanded; *that* he afterwards deceased; *that* she subsequently intermarried with Mr. Manning; and *that* a demand for an assignment of her dower was duly made upon the tenant, who was the father of said Miles, and his heir at law.

The tenant pleaded, 1st, that the demandant, Ruth Anne, was never accoupled in marriage with said Miles. 2d, that Miles was never seized of such estate in the demanded premises, as that the tenant could endow her thereof.

The tenant further pleaded, by brief statement, *that* Ruth Anne had released to him her right of dower in an undivided half of the premises; *that* no demand of dower was seasonably made; *that* the tenant was not tenant of the freehold, as heir to said Miles, as alleged; *that*, long before the alleged marriage of Miles with Ruth Anne, Miles had mortgaged the premises to one Crosby, and that, since the death of said Miles, the tenant has become assignee of the mortgage; *that*, since the death of Miles, the premises have been greatly increased in value by improvements made by the tenant, and *that*, since the commencement of this suit, one Nancy Giddings, the widow of Stephen Giddings, who was formerly seized of the premises, has recovered a judgment against the tenant for her dower in the premises.

The demandants offered an office copy of a deed from James Crosby, conveying to Miles the demanded premises. This was objected to, but it was received. They also proved the intermarriage of Miles and said Ruth Anne, and that Miles died without children, leaving Ruth Anne, his widow, and the tenant, his father; they also proved their own intermarriage, and that the dower had been seasonably demanded.

The tenant introduced an instrument of conveyance from Miles to the tenant, of one undivided half of the demanded premises. It was without seal, and was signed by Ruth Anne,

there being a paragraph in it, purporting her relinquishment of dower.

The tenant also proved, that Mrs. Giddings, the widow of a former proprietor, had recovered judgment against him for her dower, and that commissioners had been appointed by this Court, at its present session, to assign the same.

The tenant then proved that Miles, when the land was deeded to him by Crosby, mortgaged back the same to secure certain described notes, given jointly by Miles and the tenant; and, that since this suit was commenced, the mortgage with one of the notes, (the others having been paid,) had been assigned to the tenant.

The case was submitted to the Court for a decision.

*A. W. Paine*, for the demandants.

*Wm. Fessenden*, for the tenant.

Howard, J. — The marriage of the demandants was admitted; and the prior marriage of Mrs. Manning, in whose right dower is claimed, to Miles Laboree, his seizin during coverture, his death, and the demand of dower were proved. Both issues, therefore, the first upon marriage, and the second upon the seizin of Miles Laboree during coverture, must be determined for the demandants.

The tenant presented special matters by brief statement, which are relied upon in defence.

1. That Mrs. Manning released all her right to dower in an undivided half of the premises, in which it has been demanded.

It has been provided by statute, that "a married woman may bar her right of dower, in any estate conveyed by her husband, by joining with him as a party in the deed of conveyance, and thereby relinquishing her claim of dower, or by a subsequent deed, executed jointly with her husband, or legally authorized guardian of her husband." R. S. chap. 95, sect. 9. The tenant offered an instrument, in form of a deed from Miles Laboree to himself, purporting to convey an undivided half of the premises, and containing a formal

clause of relinquishment of dower, which was signed by Mrs. Manning, as the wife of the grantor. But this instrument had no seal upon it, and cannot be regarded as a deed; for in law, a deed is an instrument under seal. Co. Litt. 35, b; 2 Bl. Com. 295; Shep. Touchst. c. 4, p. 50, 56; 4 Kent's Com. 452; *Warren* v. *Lynch*, 5 Johns. 239; *Jackson* v. *Wood*, 12 Johns. 73. The instrument not having been executed in the manner required to give it the character and effect of a deed, does not bar the right of the demandants to any portion of the premises described.

2. The case finds that there was proof of a demand of dower, more than one month before the commencement of the action, and that is a conclusive answer to the second branch of the brief statement.

3. Non-tenure may be pleaded in abatement to an action of dower, but not in bar. R. S. chap. 144, sect. 4. Matter in abatement can be pleaded specially, only, and cannot be presented by brief statement. The defendant is therefore precluded from urging in his defence that he is not tenant of the freehold. By the statement of the case he appears as father, to be the sole heir of Miles Laboree.

4. The mortgage to Crosby, by Miles Laboree, with which the tenant had no connection, when this action was commenced, cannot be set up in bar, as an outstanding title. The equity of redemption was in the mortgager during coverture, and at his death he was seized of the estate against all but the mortgagee, and those claiming under him; and in that his widow is dowable, as of a legal or equitable estate. When of a legal estate, as in the case under consideration, her remedy is at law; but when she has but an equitable claim, it may be established in a court of equity. *Smith* v. *Eustis*, 7 Maine, 41; *Carll* v. *Butman*, 7 Maine, 102; *Wilkins* v. *French*, 20 Maine, 111; *Campbell* v. *Knights*, 24 Maine, 332; *Snow* v. *Stevens*, 15 Mass. 278; *Walker* v. *Griswold*, 6 Pick. 417; *Lund & ux.* v. *Woods*, 11 Metc. 566; 1 Kent's Com. 43–45; *Van Dyne* v. *Thayer*, 19 Wend. 168; R. S. chap. 95, sect. 15.

The tenant produced an assignment of the mortgage, by Crosby to himself, since this suit was commenced. But that will not avail him in defence, in bar of the action; for no matter of defence, arising after action brought, can be thus pleaded in bar generally. *Evans* v. *Prosser*, 3 D. & E. 186; *LeBret* v. *Papillon*, 4 East, 502; *Andrews* v. *Hooper*, 13 Mass. 476; 2 Greenl. Ev. sect. 556.

5. The increased value of the premises since the death of the husband, Laboree, independent of the labor and expenditures of the tenant, is subject to the claim of the demandants. *Mosher* v. *Mosher*, 15 Maine, 371; *Hobbs* v. *Hervey*, 16 Maine, 80.

6. It is no bar to the right of the demandants, that Nancy Giddings, the widow of Stephen Giddings, is dowable in the estate. If she should be endowed it might affect the interests of the demandants, but would not defeat their right. Both may be justly entitled to endowment. The first, in order of claim, in one third of the whole estate, and the other in one third of the remaining two thirds, with a contingent right to a further endowment, in the first third, upon an extinguishment of the first endowment. Co. Litt. 31, d; 4 Kent's Com. 64; *Geer* v. *Hamblin*, in 1808, by C. J. Smith, N. H.; 1 Greenl. 54, note.

Judgment for demandants. The damages to be assessed by commissioners, according to the agreement.